IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TUSKEGEE NORTH ADVOCACY GROUP | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CENTERS FOR DISEASE CONTROL AND PREVENTION, et al. | : | NO. 09-5011 |

MEMORANDUM

Bartle, C.J.                                                April 19, 2010

Before the court is the motion of plaintiff Tuskegee North Advocacy Group, acting pro se, to vacate all prior dismissal orders in this case.

Plaintiff characterizes itself in the complaint as four individuals: Emanuel A. Stanley, Brian C. Robinson, Diane Fleming-Myers, and Ronald Bailey-Ford. On October 30, 2009, the plaintiff filed a complaint in this court naming as defendants the Centers for Disease Control and Prevention, the City of Philadelphia Department of Public Health, the Public Health Management Corporation, and Planned Parenthood of Southeastern Pennsylvania. The complaint was 56 pages long and contained a variety of allegations including violations of Title VI and VII of the Civil Rights Act of 1964; the RICO Act; 18 U.S.C. § 242; 18 U.S.C. § 245; the No-FEAR Act of 2002, 116 Stat. 566; the National Labor Relations Act; and the Pennsylvania Human Relations Act.

On December 21, 2009, the Public Health Management Corporation filed a motion to dismiss and to strike.  Plaintiff did not respond to this motion, and on January 28, 2010, we granted the motion as unopposed.

On February 19, 2010, Planned Parenthood of Southeastern Pennsylvania filed a motion to dismiss and to strike.  Plaintiff did not respond to this motion.  On March 15, 2010, we granted Planned Parenthood's motion as unopposed.

On March 8, 2010, the Centers for Disease Control and Prevention filed a motion to dismiss.  Plaintiff again failed to respond, and on March 31, 2010, we granted the motion as unopposed.

In support of its motion to vacate these dismissals, plaintiff relies on Rules 60(a), 60(b)(1), 60(b)(3), and 60(b)(6) of the Federal Rules of Civil Procedure .

Rule 60(a) provides that:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

Plaintiff argues that this provision is applicable because they did not receive proper service of the court's January 28, 2010 Order dismissing defendant Public Health Management Corporation or any other order prior to March 12,

2010. It also alleges that the Clerk of the Court is failing to extend to it prompt and courteous treatment because it is a pro se plaintiff and that the Clerk has committed a clerical failure by not providing it with a copy of the January 28, 2010 Order which shows the signature of the undersigned.

The plaintiff's criticism of the Office of the Clerk of the Court is misplaced. The Clerk's Office affords pro se plaintiffs great respect and handles their cases with care. While attorneys are notified of docket filings only through the electronic court filing system, pro se plaintiffs receive copies of all filings, including court orders, via first class mail. We regret if plaintiff did not receive its copy of the January 28, 2010 Order. However, there is no evidence that the Clerk's Office deliberately withheld the Order from plaintiff.

The law puts the burden on all parties to check regularly with the Clerk's Office to learn of orders that may have been entered. Parties may not simply rely on the mail or the electronic notification system. Failure by the Clerk's Office to notify parties of the filing of orders is not an acceptable excuse for a party's failure to learn about them. See Poole v. Family Court, 368 F.3d 263, 268 (3d Cir. 2004); O.P.M. Leasing Services Inc., 769 F.2d 911 (2d Cir. 1985).

The court manually signs the original of all orders. The file room in the Clerk's Office retains these originals. Pro se plaintiffs receive photocopies of these originals when they are first notified of the docket entry. However, if a pro se

plaintiff requests additional copies of a court order, that order will be printed from the electronic court filing system, on which the judge's signature is typed. The Chief Judge's signature is denoted by "C.J." beneath the signature line. All orders in this case were manually signed after careful consideration of the pending motions and properly docketed by the Clerk's Office.

Even assuming that the above "clerical orders" occurred, the remedy is not to vacate the orders of dismissal. The alleged clerical errors have nothing whatsoever to do with the court's decision to grant the motions of the Public Health Management Corporation, Planned Parenthood of Southeast Philadelphia, and the Centers for Disease Control and Prevention to dismiss the complaint as to them.

Plaintiff further argues that the dismissal of its case against defendants Public Health Management Corporation, Planned Parenthood, the Centers for Disease Control and Prevention should be vacated under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b)(1), (3), and (6) provide that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (3), (6). Plaintiff contends that the court should vacate its judgment under Rule 60(b)(1) because it

was under the assumption that no decisions, rulings, or orders would be granted or denied until all defendants had filed an answer to their October 30, 2009 complaint.

In <u>Pioneer Investment Services Company v. Brunswick Associates Limited Partnership</u>, the United States Supreme Court held that, in enacting Rule 60(b)(1) of the Federal Rules of Civil Procedure, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. 380, 388 (1993). The Supreme Court instructed that in determining whether a party has engaged in excusable neglect, a court must take account of all relevant circumstances, including (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. <u>See</u> <u>id</u>. at 395.

We find that plaintiff's failure to respond to defendants' motion to dismiss is not excusable under Rule 60(b)(1). Despite its pro se status, plaintiff remains bound by the Federal Rules of Civil Procedure. Its motion makes clear it is eminently familiar with these rules as well as the Local Rules for the United States District Court for the Eastern District of Pennsylvania.

Rule 12(b) of the Federal Rules of Civil Procedure provides that, while defendants are normally required to answer a complaint, they may instead assert the defense of "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The rule further states that, "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12. When the defendants filed a motion under Rule 12(b)(6), they were doing so in lieu of answering.

Furthermore, Local Rule 7.1 (c) provides that:

> Unless the parties have agreed upon a different schedule and such agreement is approved under Local Civil Rule 7.4 and is set forth in the motion, or unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c). The court may require or permit further briefs if appropriate.

Plaintiff was on notice that any motion required it to file a response within 14 days or that motion could be granted as uncontested. While plaintiff claims that it did not receive immediate notice of the court's orders, it concedes that it did receive proper service of defendants' motions.

We find that plaintiff's failure to respond to these motions was within its reasonable control. We further find that

the motion to vacate the judgments entered against these defendants would likely prejudice defendants' interests, especially given that several defendants are non-profit organizations which have limited resources to devote to such litigation.  We also conclude that plaintiff has not stated any legally cognizable claims.  We will not grant plaintiff's motion to vacate our dismissals under Rule 60(b)(1) for "excusable neglect."

Plaintiff is also unpersuasive in contending that the court should vacate the dismissals under Rule 60(b)(3) for fraud, misrepresentation, or misconduct.  Plaintiff alleges that it was improper for attorney Paul Snitzer of Duane Morris LLP, which represents defendant Planned Parenthood of Southeastern Pennsylvania, to contact it to request a 30-day extension without first entering an appearance on the record.  It also contends that defendants' motions to dismiss incorrectly characterize the facts of the case.

Plaintiff's allegations fail to meet the common law definition of fraud.  An attorney's request that plaintiff orally agree to an extension of time does not constitute fraud, even if the attorney has not yet entered an appearance on the docket.  Defendants' statements in their memoranda of law are not fraudulent, even if plaintiff disagrees with their legal characterizations of the complaint.

Finally, plaintiff seeks relief from our dismissals under Rule 60(b)(6) of the Federal Rules of Procedure, which

allows a court to grant relief for "any other reason that justifies relief." It contends that their claims of health insurance fraud, civil rights violations, gross negligence in rendering public health services, and employment violations are so serious that they merit special consideration from the court on the merits, notwithstanding the dismissals already entered.

"[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). The court must balance the broad language of Rule 60(b)(6) with the interest in the finality of judgments. See id. Finality is of paramount importance here.

Defendants have made motions to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. We find that even if the dismissals are vacated and plaintiff is afforded an opportunity to oppose these motions, its complaint will not survive since it does not state claims that entitle the plaintiff to relief against these three defendants.

Given that we do not believe that plaintiff will be able to continue its case against these defendants, we do not find that any extraordinary circumstances exist to justify granting relief under Rule 60(b)(6). We will deny plaintiff's motion to vacate the prior dismissals of defendants Public Health Management Corporation, Planned Parenthood of Southeastern Pennsylvania, and the Centers for Disease Control.

In the alternative to relief from the court's prior dismissals, plaintiff requests that the undersigned recuse himself from this case pursuant to 28 U.S.C. § 455 and that a master be appointed pursuant to Rule 53 of the Federal Rules of Civil Procedure.  Plaintiff has not explained the specific reasons why it makes these requests but merely states that "pertinent and relevant reasons for Plaintiffs making this request are solidified and forthcoming."  Its effort to obtain recusal is without merit.  The undersigned has no personal bias or prejudice in favor of or against any party.  Each party is being and will continue to be treated fairly and in accordance with the law.  Furthermore, there is no basis for the appointment of a master under Rule 53 of the Federal Rules of Civil Procedure.  The plaintiff's motion for recusal and for appointment of a master will be denied.