IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TUSKEGEE NORTH ADVOCACY GROUP    :        CIVIL ACTION
                                 :
            v.                   :
                                 :
CENTERS FOR DISEASE CONTROL AND  :
PREVENTION, et al.               :        NO. 09-5011

MEMORANDUM

Bartle, C.J.                                      May 20 , 2010

          Before the court is the motion of the City of
Philadelphia on behalf of the defendant City of Philadelphia
Department of Public Health ("Department of Public Health") to
dismiss the complaint.  We note that while plaintiff has failed
to file an opposition to this motion, it has filed a motion "to
strike defendant City of Philadelphia's motion to dismiss and to
reconsider and/or reopen all prior dismissal/denial orders
pursuant to F.R.C.P. 59(e) and to answer plaintiff's (3/22/10)
request for the appointment of class counsel pursuant to F.R.C.P.
23(g)(2)(A)."  We will treat this motion as a response to the
City of Philadelphia's motion to dismiss.

          The City of Philadelphia argues that the complaint
should be dismissed because its Department of Public Health is
not a proper defendant.  Under the laws of Pennsylvania, a
municipal department of the City of Philadelphia has no separate
corporate existence, and all suits growing out of a department's
activities must be brought in the name of the City of

Philadelphia. See 53 P.S. § 16257 (2010). Because plaintiff has improperly named the City's Department of Public Health as a party defendant, the action as to it will be dismissed. See Gremo v. Karlin, 363 F. Supp. 2d 771, 781-82 (E.D. Pa. 2005); Baldi v. City of Philadelphia, 609 F. Supp. 162, 168 (E.D. Pa. 1985).

Further, even had plaintiff correctly named the City of Philadelphia as a party defendant, its complaint would still be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its Chief Executive Officer, or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2) (2010). Pennsylvania law provides that a political subdivision may only be served "by handing a copy to (1) an agent duly authorized by the political subdivision to receive service of process, or (2) the person in charge at the office of the defendant, or (3) the mayor, or the president, chairman, secretary or clerk of the tax-levying body." Pa. R.C.P. 422(b). Plaintiff did not comply with these rules. Instead, it delivered the documents to the Office of the Commissioner of the Department of Public Health, where they were signed for by the receptionist. There is nothing in the record

to establish that either the Commissioner of the Department of Public Health or its receptionist is authorized to accept service of process.

Plaintiff does not dispute that it failed to serve a person authorized to accept service. Instead, it argues that the Department of Public Health should have forwarded the complaint to a person who could accept service. It also maintains that service should be considered sufficient because counsel for the City of Philadelphia has received a copy of the complaint, as evidence by her entry of appearance and filing of the motion to dismiss.

Plaintiff's arguments are unavailing. Plaintiff is not excused from its legal obligation to make proper service of process because its intended defendant learned of its complaint. Nor is the City of Philadelphia required to make proper service of process for plaintiff.

We now turn to the motion of plaintiff "to strike defendant City of Philadelphia's motion to dismiss and to reconsider and/or reopen all prior dismissal/denial orders pursuant to F.R.C.P. 59(e) and to answer plaintiff's (3/22/10) request for the appointment of class counsel pursuant to F.R.C.P. 23(g)(2)(A)." Plaintiff has presented no legal basis on which to strike the motion to dismiss of the City of Philadelphia. Plaintiff also has failed to identify any new facts, changes in the law, or manifest errors of law that would support the court's reconsideration of its prior dismissals under Rule 59(e) of the

-3-

Federal Rules of Civil Procedure.  We will deny plaintiff's
motion.